## DOUGLAS, Plaintiff-Appellee, v. DOUGLAS, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3718.  Decided September 18, 1944.

GEIGER, J., and SHERICK, J., of the Fifth District sitting by designation in place of BARNES, P. J.

Joseph E. Bowman, Columbus, for defendant-appellant.
Evans & Draper, Columbus, for plaintiff-appellee.

### OPINION

By HORNBECK, J.

The plantiff was granted a decree of divorce on the grounds of gross neglect of duty and extreme cruelty occur-

ring before the insanity of the defendant. Prior to trial it developed that the defendant was an insane person and the Court appointed a trustee to defend the suit. The trustee is also counsel for the defendant.

Four errors are assigned which we group and consider in reverse order from that in which they are numbered and pesented in the briefs:

(4) There is no law in Ohio whereby one may obtain a divorce from an insane person.

(3) Said decree is contrary to law.

Counsel for appellant characteristically presents a forceful argument against the power under our statutes of the trial court to grant a divorce to the plaintiff so long as the defendant's status is that of an insane person. Unfortunately for this contention in this Court we are committed to the opposite view of the question. **Williams v Williams, 19 Abs. 527.** This case follows the clear weight of authority in Ohio. Kirlick v Kirlick, 10 O. C. C. N. S., 524; Benton v Benton, 16 O. C. C. N. S. 121; **Heim v Heim, 35 Oh App., 408;** Lewis v Lewis, 6 O. N. P. N. S. 242. There is one authority in conflict, Clowry v Clowry, 16 O. C. C. 302. The Supreme Court has not spoken on the question and until it does in view of our own former holding and the decisions in Ohio cited in support thereof, we stand committed to the proposition that the trial court acted within the law in this case in appointing a trustee and proceeding to hear and determine the cause.

(1) The Court erred in granting a decree of divorce to plaintiff.

(2) The decree is supported by no evidence.

It is urged by appellant that no ground of divorce was established by the record, and, if acts are proven which normally would constitute gross neglect of duty or extreme cruelty, it appears that they occurred at times when the defendant was suffering from mental aberration.

The plaintiff and her son, a young man twenty years of age at the time of the trial, testified to facts which clearly establish the causes of action set forth in the petition. They likewise testify that the defendant up until about the time that he was committed to the State Hospital, was normal except when by his own act he drank intoxicating liquor to excess, the effect of which was to make him vicious and abusive to his wife. The mother of defendant and other witnesses who testified in his behalf knew very little directly about the issue as to the causes of action set forth in the petition, but they did testify to facts and opinions tending

to establish the contention of defendant that for many years he had been disturbed mentally and was not a normal person. Upon both issues the record presents factual dispute which the trial judge within his province had the right to resolve in favor of the plaintiff, which was done.

We find no sufficient support for either the first or second assignments of error to cause or permit us to reverse the judgment.

Judgment affirmed.

GEIGER, SHERICK and BARNES, JJ., concur.